*Decisions will be entered under Rule 50.*

L. A. CLARKE & SON, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 28941. Promulgated January 8, 1952.

*Joseph K. Moyer, Esq.*, for the petitioner.
*Stephen P. Cadden, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* The Commissioner determined a $9,362.42 deficiency in income tax for the year 1945 as a result of disallowing a deduction in the amount of $18,607.29 which had been claimed by petitioner on a consolidated return as a bad debt from a subsidiary corporation. Petitioner now contends, in the alternative, that it is also entitled to the deduction as a "loss" with respect to its unrecouped investment in the stock of the subsidiary. The facts have been stipulated and are so found.

Petitioner, incorporated in Virginia in 1923, has its principal office in Washington, D. C. It filed a consolidated income tax return for the year 1945 with the collector of internal revenue, Baltimore, Maryland, on behalf of itself and two affiliates, including a wholly owned subsidiary, Atlantic Tie & Timber Company. Atlantic had ceased operations on August 1, 1945, and was dissolved on November 9, 1945.

The deduction sought by petitioner is computed by the parties in a supplemental stipulation as follows:

| | |
|---|---:|
| Notes Receivable of Atlantic Tie and Timber Company held by petitioner as of January 1, 1945 | $43,000.00 |
| Less: Payment received from Atlantic Tie and Timber Company by petitioner in October 1945 | $16,000.00 |
| Balance | $27,000.00 |
| Less: Assets received by petitioner upon liquidation of Atlantic Tie and Timber Company, November 9, 1945 | $2,224.28 |
| Balance | $24,775.72 |

Less: Losses reported in Consolidated Returns of petitioner:

| | |
|---|---:|
| 1944 | $19,023.29 |
| 1945 | $7,145.14 |
| | $26,168.43 |

Less:

| | | |
|---|---:|---:|
| Capital Stock Atlantic Tie and Timber Company | $20,000.00 | |
| | | $6,168.43 |

| | |
|---|---:|
| Bad Debt of Atlantic Tie and Timber Company due petitioner | $18,607.29 |

Atlantic had been engaged since 1936 in dealing in lumber and forest products in Georgia; it had its office in Savannah, Georgia, where it kept its own books and records. Petitioner's business, prior to August 1, 1945, consisted of buying, some treating, and selling of lumber and forest products in states other than Georgia, and included the type of business transacted by Atlantic in Georgia. Petitioner's operations in the southern states were managed from its Richmond, Virginia, office. Simultaneously with Atlantic's cessation of operations on August 1, 1945, petitioner took leases on "yards" which until then had been leased to Atlantic in the Savannah, Statesboro, and McRae areas in Georgia. On or about August 1, 1945, petitioner applied for and obtained licenses, such as Atlantic previously had, for the purpose of buying and selling timber in Georgia. Also on August 1, 1945, petitioner hired the manager and several other persons who had been employed by Atlantic. After August 1, 1945, petitioner's business and operations included the same kind of business and operations in Georgia formerly conducted by Atlantic.

Petitioner seeks the claimed deduction either as a bad debt or as a loss of its investment in Atlantic's capital stock. However, we are satisfied that the deduction is not allowable on either theory.

The filing of consolidated returns is a statutory privilege, and is explicitly conditioned upon the consent of the members of the affiliated group to certain regulations. Internal Revenue Code, section

141.[1] The pertinent provisions of the applicable regulations in this case are set forth in the margin.[2]

Regulations under earlier statutory provisions had provided that intercompany accounts receivable or other obligations resulting from intercompany transactions could not be deducted as bad debts during a "consolidated return period"; and that term was defined to include any taxable year for which a consolidated return is made or is required. See articles 2 and 40 of Regulations 75, 78, 89, 97, 102. However, section 23.40 (a) of Regulations 104, applicable herein (see footnote 2), for the first time provided an exception to the general rule. It permits the deduction, subject to specified conditions, if the loss results "from a bona fide termination of the business and operations of such

[1] SEC. 141. CONSOLIDATED RETURNS.

(a) PRIVILEGE TO FILE CONSOLIDATED RETURNS.—An affiliated group of corporations shall, subject to the provisions of this section, have the privilege of making a consolidated return for the taxable year in lieu of separate returns. The making of a consolidated return shall be upon the condition that all corporations which at any time during the taxable year have been members of the affiliated group consent to all the consolidated return regulations prescribed under subsection (b) prior to the last day prescribed by law for the filing of such return. The making of a consolidated return shall be considered as such consent. In the case of a corporation which is a member of the affiliated group for a fractional part of the year, the consolidated return shall include the income of such corporation for such part of the year as it is a member of the affiliated group.

(b) REGULATIONS.—The Secretary shall prescribe such regulations as he may deem necessary in order that the tax liability of any affiliated group of corporations making a consolidated return and of each corporation in the group, both during and after the period of affiliation, may be returned, determined, computed, assessed, collected, and adjusted, in such manner as clearly to reflect the income- and excess-profits-tax liability and the various factors necessary for the determination of such liability, and in order to prevent avoidance of such tax liability.

[2] Regulations 104 (as amended by T. D. 5127, 1942–1 C. B. 117, 127, and by T. D. 5244, 1943 C. B. 439, 462, 463) :

SEC. 23.37. LIQUIDATIONS.—RECOGNITION OF GAIN OR LOSS.

(a) DURING CONSOLIDATED RETURN PERIOD.

Gain or loss shall not be recognized upon a distribution during a consolidated return period, by a member of an affiliated group to another member of such group, in cancellation or redemption of all or any portion of its stock, except—

(1) Where such distribution is in complete liquidation and redemption of all of its stock (whether in one distribution or a series) and of its bonds and other indebtedness, if any, falls without the provisions of section 112 (b) (6), and is the result of a bona fide termination of the business and operations of such member of the group, in which case the adjustments specified in sections 23.34 and 23.35 will be made, and section 23.36 will be applicable, or

(2) Where such a distribution without the provisions of section 112 (b) (6) is one made in cash in an amount in excess of the adjusted basis of the stock, and bonds and other indebtedness, in which case gain shall be recognized to the extent of such excess.

When the business and operations of the liquidated member of the affiliated group are continued by another member of the group, it shall not be considered a bona fide termination of the business and operations of the liquidated member. * * *

SEC. 23.40. BAD DEBTS.

(a) DEDUCTION DURING CONSOLIDATED RETURN PERIOD.

No deduction shall be allowed during a consolidated return period to any member of the affiliated group on account of worthlessness in whole or in part of any obligation (including accounts receivable, bonds, notes, debts, and claims of whatsoever nature) of any other corporation which was a member of the group as of the last day of the taxable year or which was liquidated by the group during such year, except as a loss resulting from a bona fide termination of the business and operations of such other corporation, whether in liquidation or otherwise, in which case the loss will be computed subject to the adjustments specified in section 23.35, and the provisions of section 23.36 shall be applicable.

other [the debtor] corporation, whether in liquidation or otherwise." And the cognate provisions in section 23.37 of Regulations 104 (see footnote 2) dealing with recognition of gain or loss in consolidated returns upon distributions in liquidation of an affiliated corporation expressly provide:

> When the business and operations of the liquidated member of the affiliated group are continued by another member of the group, it shall not be considered a bona fide termination of the business and operations of the liquidated member. * * *

We think the same criteria are applicable here, and as applied to the facts of this case, require that the bad debt deduction be disallowed. Certainly, petitioner, upon whom the burden of proof rests, has failed to show that the business and operations of Atlantic were not continued by petitioner itself, and, indeed, the stipulation of facts strongly indicates the contrary.

Petitioner contends that section 23.40 of Regulations 104 is inapplicable to it because Atlantic was not a member of the affiliated group as of the last day of the taxable year or was not "liquidated" by the group during the taxable year. The contention is without merit. Atlantic was liquidated during the taxable year. It ceased operations on August 1, 1945, and was dissolved November 9, 1945. The supplemental stipulation of facts refers to an item of assets received by petitioner "upon liquidation" of Atlantic, November 9, 1945.

We conclude that the Commissioner did not err in disallowing the claimed deduction as a bad debt. Like considerations, under section 23.37 of Regulations 104, similarly preclude the deduction as a "loss," wholly apart from the fact that it might also be unavailable by reason of section 112 (b) (6) of the Code.

Reviewed by the Court.

*Decision will be entered for the respondent.*